Kevin R. McCarthy, VSB 14273
McCarthy & White, PLLC
1751 Pinnacle Drive – Suite 1115
McLean, VA 22102
703-770-9261 (phone)
703-770-9263 (fax)
krm@mccarthywhite.com
Attorneys for Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

```
******************************
In re:                        *
                              *
George Brooks Sheffer,        *        Case No: 08-11881-RGM
Karla Jean Sheffer,           *        (Chapter 7)
                Debtor(s).    *
******************************
```

ORDER GRANTING TRUSTEE'S MOTION TO SELL
PROPERTY OF THE ESTATE FREE AND CLEAR
OF LIENS AND OTHER INTERESTS

Upon Consideration of the Trustee's  Motion To Sell Property Of The Estate Free And

Clear Of Liens And Other Interests, and any response, it is

ORDERED, that the Motion be, and hereby is, GRANTED, and the Trustee is authorized

to sell property of the estate pursuant to 11 U.S.C. 363(b)&(f) and Federal Rule of Bankruptcy

Procedure 6004(a)-(c) on the terms and conditions set forth in his Notice Of  Intention To Sell

Property Of The Estate Free And Clear Of Liens And Other Interests mailed on October 7, 2009,

namely:

PROPERTY FOR SALE:  the Debtors' condominium warehouse located at 14524-E Lee
Road, Chantilly, Fairfax County, VA 21051 ("the Property") and all personal property therein
selected for retention by the buyer.

LEGAL DESCRIPTION OF REAL PROPERTY FOR SALE:  All that certain tract or
parcel of land situate, lying and being in Chantilly, Fairfax County, Virginia, and more particularly
described as follows:  Unit 14524-E, Markey Business Center VI, a Condominium, and any limited
common elements appurtenant thereto, established by Condominium Instruments recorded on July

28, 1988, in Deed Book 6439, at page 1943, among the land records of Fairfax County, Virginia.

INTEREST BEING SOLD: Debtors' entire fee simple interest.

TYPE OF SALE: private.

PRIVATE SALE PRICE: $507,485. The sales contract is attached as Exhibit A to the Motion being filed with this Notice. The deposit of $25,000 will be paid within ten days of approval of the sales contract and notification to the buyer.

APPRAISAL VALUE: N/A. 2009 Fairfax County assessment is $577,470. Property has been marketed through CoStar, a commercial real estate service similar to MRIS for residential properties.

BUYER: P. Vasudevan or assigns, a buyer purchasing in good faith.

TIME AND PLACE OF SALE: between 15 days after entry of a Bankruptcy Court Order approving sale and December 30, 2009 at Key Title.

REALTORS: Commonwealth Commercial, Inc. represents Trustee, and Woodmark Commercial, a J Street Company, represents buyer.

COMPENSATION TO REALTORS: $30,449.10, to be split equally between the Trustee's realtor Commonwealth Commercial, Inc. and the buyer's realtor Woodmark Commercial, a J Street Company.

LIENS: 1) first trust held by Greater Atlantic Bank, which had a balance of $278,863.21 on the petition date of April 9, 2008. The annual interest rate is 6.75%. The total payoff likely will exceed $300,000. This trust will be paid in full at settlement. 2) judgment lien for $141,442.58 held by Jesus and Lyndsy Lewis recorded in the Fairfax County land records on April 4, 2008, five days before the petition date of April 9, 2008. The Property is being sold free and clear of this judgment lien, which is in bona fide dispute as an avoidable lien under Section 547 of the Bankruptcy Code. The Trustee intends to avoid this judgment lien; it will not be paid at settlement.

DEBTORS' EXEMPTIONS: $1.00 is claimed, but the Property is owned as a tenancy by the entireties; joint unsecured claims filed in the case exceed the expected net sale proceeds. Therefore, the Trustee does not expect to reach the Debtors' exemptions when distributing sale proceeds.

NET SALE PROCEEDS TO BE DISTRIBUTED ONLY TO JOINT CREDITORS: Because the Property is owned as a tenancy by the entireties, the Trustee expects to distribute net sale proceeds only to joint creditors of the Debtors upon approval of a final report in the case.

TAX CONSEQUENCES TO ESTATE BY SALE: Based on information provided to the Trustee by the Debtors, the tax basis of the property was originally $385,000 when they purchased it from a related corporation on November 27, 2003. They estimate that subsequent capital improvements cost approximately $80,000. If the tax basis were $465,000 ($385,000 plus $80,000), and the property were depreciated 20% since the purchase date, the current tax basis would be about $352,000. Even with deductible realtor commissions, Trustee compensation, Trustee legal expenses, and mortgage interest, the Trustee expects the estate to incur capital gains taxes of between $10,000 and $20,000.

NET SALE PROCEEDS ESTIMATED TO BE PAID TO ESTATE: The Trustee estimates that net sale proceeds, after payment of closing costs, clean-up costs, realtor commissions, any unpaid real estate taxes, and the first deed of trust (and before payment of Trustee compensation and legal expenses, which will be sought at a later date), will be between $100,000 and $150,000. Although the Debtors have abandoned certain personal property, which will be conveyed to the buyer per the sales contract, the contract requires the Trustee to turn over

2

the Property in "broom-clean" condition. Compliance with this requirement is expected to cost the estate up to $5000 based on a proposal received by the Trustee's realtor to date.

IT IS FURTHER ORDERED THAT the ten-day stay otherwise imposed by Federal Rule of Bankruptcy Procedure 6004(h) shall not apply and that the buyer purchased the property in good faith; and it is further

ORDERED THAT the sale shall be free and clear of all liens and other interests, specifically including the judgment lien of Jesus Lewis and Lyndsy Lewis, with liens and other interests to attach to the proceeds of sale, except as otherwise provided herein;

AND IT IS FURTHER ORDERED that the Trustee is authorized without further application to the Court to disburse and pay out of the proceeds of the sale, whether at closing or from sale proceeds received from the settlement agent, in the following order: all reasonable and necessary settlement expenses to be borne by the bankruptcy estate under the terms provided in the sales contract, including realtors' commissions totaling $30,449.10 to be split equally between the Trustee's realtor Commonwealth Commercial, Inc. and the buyer's realtor Woodmark Commercial, a J Street Company, and also including property removal and clean-up costs expected to be up to $5000; all valid water, sewer, real estate tax, other tax, nuisance, and any similar governmental charges constituting a priority lien or potential priority lien against the property; all valid deed of trust or mortgage liens against the property according to their order of priority except as otherwise stated herein; and all other valid non-avoidable liens according to their order of priority except as otherwise stated herein; and it is further

ORDERED that this Order shall constitute the settlement agent's authority and direction to disburse and pay out of the proceeds of the sale on behalf of the Debtors' estates as provided herein; and it is further

ORDERED that the recordation of a copy of this Order with the Deed shall conclusively

establish for chain-of-title purposes the right and authority of the Trustee to convey valid legal

title, free and clear of all liens and other interests, to the property described herein, but such

recordation is not required by this Court; and it is further

ORDERED that the Trustee is authorized to perform all acts reasonably required to carry

out the intention of this Order, such as correcting the address or legal description of the property

being sold, making appropriate adjustments on the settlement sheet, and allowing the purchaser to

take title in a different name or to assign his interests in the sales contract to a third party;


Date: _____                                    _____
                                                 Robert G. Mayer
                                                 U.S. Bankruptcy Judge

I ask for this:


/s/ Kevin R. McCarthy_____
Kevin R. McCarthy, VSB 14273
McCarthy & White, PLLC
1751 Pinnacle Drive – Suite 1115
McLean, VA 22102
703-770-9261
Attorneys for Trustee

Local Rule 9022-1(C) Certification

The foregoing Order was endorsed by all necessary parties or served upon all necessary parties as indicated in the Certificate of Service attached to the Motion, pursuant to Local Rule 9022-1(C).


                                                 /s/ Kevin R. McCarthy_____
                                                 Kevin R. McCarthy
                                                 Attorney for Trustee

4

PARTIES TO RECEIVE COPIES

all registered ecf participants who have appeared in this case

Neil Cramsey
Commonwealth Commercial, Inc.
11440 Isaac newton Square – Suite 200
Reston, VA 20190

Stefan Scholz
Woodmark Commercial
11440 Commerce Park Drive – Suite 350
Reston, VA 20190

George Brooks Sheffer
22822 Black Willow Drive
Tomball, TX 77375

Karla Jean Sheffer
207 2nd Ave. NW
Farley, IA 52046

Jesus Lewis
4601 Angus Drive
Gainesville, VA 20155-1218

Lyndsy Lewis
4601 Angus Drive
Gainesville, VA 20155-1218

Lawrence J. McClafferty
212 East Market Street
Leesburg, VA 21076

Gregory Max Van Doren
9119 Church Street
Manassas, VA 20110